UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


| | |
|---|---|
| MARY E. GILTNER,             ) | |
|                                            ) | |
|        Plaintiff                      ) | |
|                                            ) | |
| v.                                         ) | Docket No. 06-131-B-W |
|                                            ) | |
| MICHAEL J. ASTRUE,[1]         ) | |
| Commissioner of Social Security,  ) | |
|                                            ) | |
|        Defendant                    ) | |


REPORT AND RECOMMENDED DECISION[2]


In this Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge's conclusion that she did not suffer from a severe impairment is not supported by substantial evidence and that he erroneously relied on the testimony of a vocational expert. I recommend that the commissioner's decision be vacated and the case remanded for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from no medically determinable severe impairments, Finding 2, Record at 17; and that she had not been under a disability, as that term is

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), I have substituted currently serving Commissioner of Social Security Michael J. Astrue as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(3)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on July 3, 2007, pursuant to Local Rule 16.3(a)(3)(C) requiring the parties to set forth at oral argument their respective positions with citations to
(*continued on next page*)

defined in the Social Security Act, at any time through the date of the decision, Finding 4, *id*. at 21. The Appeals Council declined to review the decision, *id*. at 4-8, making it the final determination of the commissioner, 20 C.F.R. § 416.1481, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential process, at which stage the plaintiff bears the burden of proof. However, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id*. at 1124 (quoting Social Security Ruling 85-28).

## Discussion

The plaintiff contends that the administrative law judge erred in relying "exclusively on the opinions of the State Agency physicians" at Step 2 of the sequential process and "dismiss[ing]" the conclusion of her treating physician, Dr. John F. Cox, that she is "incapable of working." Statement of

---

relevant statutes, regulations, case authority and page references to the administrative record.

Specific Errors ("Itemized Statement") (Docket No. 6) at 2. She also asserts that the report of a consulting physician, Dr. David Axelman, who examined her, was also erroneously disregarded. *Id*. at 2-3. She also cites, *id*. at 4, the records of a Dr. Turner, Record at 168-71. She points out that the state-agency reviewers did not have available to them the results of an x-ray of her lumbar spine done on May 4, 2005 and an MRI scan done on May 19, 2005, and asserts that the reviewers also did not have Dr. Cox's records. Itemized Statement at 3-5.

The plaintiff's view of the availability of certain medical records to the state-agency reviewers appears to be correct, but only to a point. The state-agency forms are dated September 15, 2004 (Record at 115) and December 30, 2004 (*id*. at 166). Dr. Axelman's examination was performed on September 13, 2004. *Id*. at 104. Dr. Lawrence Johnson, who completed the later state-agency residual functional capacity assessment form, does not mention any records from Dr. Cox. *Id.* at 166. However, Dr. R. Chamberlain, who completed the earlier form, cites records from March, May and June 2004, *id*. at 115, which make clear, when compared with Dr. Cox's records, that Dr. Chamberlain did have those records, *id*. at 140, 141 (entries for June and March 2004). Both state-agency reviewers found the plaintiff's physical impairments to be non-severe. *Id*. at 115, 166.

If it were not for the x-ray and MRI results, the administrative law judge's reliance on the state-agency reports might be upheld, even with the *de minimis* standard applicable at Step 2.[3]

---

[3] At oral argument, counsel for the commissioner asserted that this court said in *Carson v. Barnhart*, 242 F.Supp.2d 33, 38 (D. Me. 2002), that a state-agency reviewing physician's opinion could be entitled to evidentiary weight even though all of the medical evidence was not available to that physician. In that case, one of two such physicians possibly did not see the reports of treating and examining physicians and I determined that the weight of that physician's report as evidentiary support for the administrative law judge's conclusion was lessened, but I also determined that the evaluations of the claimant by the treating and examining physicians also supported that conclusion, *id*. at 38. In the present case, there is no support other than the state-agency physician's report for the administrative law judge's conclusion, and that report is devoid of any mention of the "extensive" degenerative disk disease found in the MRI. Counsel for the commissioner also asserted that the First Circuit reached the same conclusion in *Berrios Lopez v. Secretary of Health & Human Servs.*, 951 F.2d 427, 431 (1st Cir. 1991), but the issue in that case was whether the administrative law judge could rely solely on the reports of state-agency physicians who did not examine the claimant, an issue distinct from that presented here. Counsel also contended that the fact that the state-agency physicians did not have the benefit of the MRI and x-ray was not a basis for remand because the physician who referred the plaintiff for those tests did not include any physical limitations in his notes after receiving (*continued on next page*)

However, the MRI showed "[e]xtensive degenerative disk disease and spondylosis C5-6" and "[i]mpingement right and left neural foramen C5-6 level," as well as "[a]brupt change in contour and diameter of the cord at the T3-4 level[.]" *Id.* at 172. It showed several indicia of degenerative disk disease. *Id.* at 173. The radiologist concluded that there was "[s]evere degenerative disk disease L5-S1 level" and degenerative disk disease at the L4-5 level. *Id.* The x-ray was read as showing "[s]evere degenerative disk disease L5-S1 level." *Id.* at 174. The administrative law judge's entire discussion of these results is the following: "An MRI scan of the claimant's cervical spine on May 19, 2005 revealed extensive degenerative disk disease and spondylosis at C5-6 and impingement of the right and left neural foramen at C5-6. An MRI of the lumbar spine on that date showed severe degenerative disk disease at the L5-S1 level," *id.* at 18 (citations omitted), and, "There are objective radiological findings of degenerative disk disease, but these objective physical findings demonstrate essentially normal function with no radicular neurological losses," *id.* at 19. The "objective physical findings" to which the administrative law judge refers are those made on May 17, 2004 that range of motion of the neck and shoulders was normal except for neck extension and turning to the left and Dr. Turner's objective findings on examination that "appear to be mainly a recitation of the claimant's subjective complaints." *Id.* at 18-19. I do not see how these limited physical observations demonstrate the lack of "radicular neurological losses." The administrative law judge appears in this instance to be evaluating raw medical data, which he may not do. *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990).

Given these circumstances, and Dr. Cox's diagnosis of multiple-level spinal disk disease and chronic pain syndrome, Record at 167, the minimal standard applicable at Step 2 has been met. In the

---

the results. While it does appear that Dr. Turner did not mention any work-related limitations, Record at 169, the doctor who ordered the MRI, John F. Cox, M.D., *id.* at 172 (MRI ordered by John Cox), later opined that the plaintiff was "incapable of working" due to her severe degenerative disk disease, *id.* at 167.

absence of a medical professional's review of the x-ray and MRI results, the administrative law judge could not reasonably conclude that the plaintiff's degenerative disk disease was only a slight abnormality which would have no more than a minimal effect on the plaintiff's ability to work. Remand is required. *See generally Huffstutler v. Massanari*, 2001 WL 1502584 (D. Me. Nov. 26, 2001), at *3, *aff'd* Dec. 19, 2001 (Docket No. 5 in Docket No. 01-98-B-S); *Ogle v. Apfel*, 2000 WL 1511286 (D. Me. Oct. 6, 2000), at *3 -*4, *aff'd* Oct. 27, 2000 (Docket No. 8 in Docket No. 99-314-P-H). *See also Carr v. Apfel*, 2003 WL 132534 (N.D.Cal. Jan. 9, 2003), at *3 (MRI that showed severe degenerative disc changes suggested condition more than "slight" for purposes of Step 2 analysis).

The plaintiff also takes issue with the administrative law judge's discussion of her "subjective complaints." Itemized Statement at 5-6. The administrative law judge purports to buttress his Step 2 finding with a discussion of the inferences that may be drawn with respect to credibility from the plaintiff's "poor work record." Record at 20. At Step 2, a claimant's credibility is not an issue. Only medical evidence of severity may be considered. Social Security Ruling 85-28, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 394 ("At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities."). The administrative law judge erred in considering non-medical evidence at Step 2.

Because the errors at Step 2 require remand, it is not necessary to consider the plaintiff's argument about the administrative law judge's reliance on the testimony of the vocational expert. Itemized Statement at 6-7. The administrative law judge mentioned this testimony in the context of an alternative situation ("even if the claimant were limited to light work," Record at 21) which simply cannot be reached given the findings at Step 2.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 11th day of July, 2007.

>  /s/ David M. Cohen
>  David M. Cohen
>  United States Magistrate Judge